**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH VANDERFORD,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBERS
SF-3330-14-0556-I-1
SF-300A-15-0006-I-1

DATE: August 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth Vanderford, San Diego, California, pro se.

Eric LaZare, Esquire, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed petitions for review of the initial decisions, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed his employment practices appeal for lack of jurisdiction. We have granted the appellant's request to JOIN

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

these appeals because we have determined that it will expedite processing of the cases and will not adversely affect the parties' interests. 5 C.F.R. § 1201.36.

¶2  Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶3  The appellant is a veteran entitled to compensation for a service-connected disability rated at 30% or more. *Kenneth Vanderford v. Department of Veterans Affairs*, MSPB Docket No. SF-3330-14-0556-I-1, Initial Appeal File (3330 IAF), Tab 10, Exhibit A at 11.  He timely applied for the position of Housekeeping Aid, WG-1, advertised by the agency on USAJOBS. *Id.* at 6.  The announcement indicated that two vacancies would be filled and that the positions were "restricted to preference eligible veterans ONLY." *Id.* at 1.  The agency prepared two certificates of eligibles, a competitive and a noncompetitive certificate. 3330 IAF, Tab 7 at 18-22, 24-28.  The names of nine candidates appeared on each certificate, and the appellant's name was on both.  The selecting official chose a

preference-eligible veteran from each certificate. *Id.* at 19, 25. The appellant was notified that he was not selected. 3330 IAF, Tab 10, Exhibit C.

¶4 The appellant challenged his nonselection by filing a complaint with the Department of Labor (DOL) in which he alleged that the agency violated his rights under VEOA, but, upon investigation, DOL found that no violation had occurred. 3330 IAF, Tab 1, Exhibit 15. On appeal to the Board, the appellant argued that the agency violated his veterans' preference rights and denied him the opportunity to compete for the positions in question for which it accepted applications from outside its own workforce. 3330 IAF, Tab 1.

¶5 The administrative judge issued an order setting out the requirements for establishing the Board's jurisdiction over a VEOA claim alleging a violation of rights under any statute or regulation relating to veterans' preference, 5 U.S.C. § 3330a(a)(1)(A), and a VEOA claim alleging denial of a right to compete under 5 U.S.C. § 3304(f)(1). 3330 IAF, Tab 9. In response, the appellant argued that the selecting official's decision to make his selections based on candidates' résumés rather than by conducting interviews violated his veterans' preference rights. 3330 IAF, Tab 10. He also claimed that, based on his service-connected disability, he should have been placed at the top of the registers. *Id.*

¶6 After reviewing the parties' submissions, the administrative judge determined that the appellant had established the Board's jurisdiction over his VEOA appeal under both 5 U.S.C. §§ 3330a(a)(1)(A) and 3304(f)(1). 3330 IAF, Tab 19. The appellant asked to amend his appeal to include an employment practices claim. 3330 IAF, Tab 27. He also sought certification of an interlocutory appeal based on the administrative judge's apparent failure to allow him to amend his appeal, and he moved that she recuse herself based on bias. 3330 IAF, Tab 28.

¶7    The administrative judge docketed a separate employment practices appeal.[2] *Kenneth Vanderford v. Department of Veterans Affairs*, MSPB Docket No. SF-300A-15-0006-I-1, Initial Appeal File (300A IAF), Tab 2.    During adjudication of the VEOA appeal, she denied the appellant's motion for certification of an interlocutory appeal and his motion for her recusal.  3330 IAF, Tab 30.

¶8    Thereafter, the administrative judge denied the appellant's request for corrective action.  3330 IAF, Tab 42, 3330 Initial Decision (ID) at 1, 8.  She found that the agency advertised the Housekeeping Aid positions at issue pursuant to 5 U.S.C. § 3310, which provides that, in examinations for certain delineated positions in the competitive service, including Housekeeping Aids, competition is restricted to preference eligibles so long as they are available. 3330 ID at 5; *see* 5 C.F.R. § 330.401.  She found that 5 U.S.C. § 3310 is a law related to veterans' preference but that the agency did not violate it because it restricted competition to preference eligibles and selected preference eligibles for both positions.  3330 ID at 5.  The administrative judge then considered the appellant's claim that the hiring process was an open competitive one and that, as a disabled preference eligible, he should have been ranked and selected ahead of others.  She found that the evidence established that, because the positions were not open to all U.S. citizens, the agency did not employ an open competitive examination but rather a merit promotion process to which veterans' preference does not apply and that, because the agency found the appellant qualified and referred him to the selecting official, he was not denied the right to compete. 3330 ID at 6.

---

[2] As the administrative judge explained in the initial decision, she did not adjudicate the appellant's employment practices claim in the context of his VEOA appeal because the Board cannot, in a VEOA appeal, consider claims of violations of laws other than veterans' preference rules.  3330 IAF, Tab 42, 3330 Initial Decision at 3 n.1; *see Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

¶9      In acknowledging the appellant's employment practices appeal, the administrative judge set out the requirements for establishing the Board's jurisdiction over such a claim.  300A IAF, Tab 2.  The appellant sought certification of an interlocutory appeal based on his apparent disagreement with the administrative judge's rulings in his VEOA appeal, and he moved that she recuse herself based on bias.  300A IAF, Tab 3.  In response to the administrative judge's jurisdictional order, the appellant argued that the agency removed his name from the Office of Personnel Management (OPM) register to provide unauthorized preference to other preselected applicants and that it misapplied the merit promotion procedures to deprive him of his veterans' preference.  300A IAF, Tabs 4, 7.  The administrative judge denied the appellant's motions.  300A IAF, Tab 9.

¶10     The administrative judge dismissed the appellant's employment practices appeal for lack of jurisdiction.  300A IAF, Tab 10, 300A ID at 2, 7.  She found that, even assuming that he established significant involvement by OPM in the agency's action, he failed to nonfrivolously allege that the employment practice violated the basic requirements set forth at 5 C.F.R. § 300.103, but that instead he challenged alleged irregularities in the agency's selection process, matters that are not otherwise appealable to the Board.  300A ID at 5-6.  The administrative judge rejected the appellant's allegation that the agency's failure to afford him veterans' preference constituted an employment practice, finding that its decision to use the merit promotion process to fill the positions in question was an individual agency decision that was not made pursuant to or as a part of a rule or practice.  300A ID at 6-7.

¶11     As to each initial decision, the appellant has filed a petition for review.  3330 Petition for Review (PFR) File, Tab 1; 300A PFR File, Tab 1, to which the agency has responded in opposition, 3330 PFR File, Tab 3; 300A PFR File,

Tab 3, and the appellant has replied thereto,[3] 3330 PFR File, Tab 6; 300A PFR File, Tab 5.

## ANALYSIS

<u>The administrative judge properly denied the appellant's request for corrective action in his VEOA appeal.</u>

¶12     Preference eligibles or veterans who have been separated from the armed services under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures. 5 U.S.C. § 3304(f)(1). An agency uses these procedures when it announces a position to those already employed by the agency and those who have "status" in the competitive service. Veterans' preference does not apply when positions are filled under merit promotion. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9 (2005); 5 C.F.R. § 335.103(b)(2), (b)(4).

¶13     An agency also may make selections under an open competitive examination process, which is generally used to fill vacant positions in the competitive service and is based on a fair test of the relative capacity and fitness of the persons examined for the position to be filled. *Perkins*, 100 M.S.P.R. 48, ¶ 10; 5 C.F.R. § 2.1. An integral part of the open competitive examination process is the assignment of numerical scores, followed by the rating and ranking of candidates according to those scores. *Dean v. Consumer Product Safety*

---

[3] In both cases, the appellant has filed pleadings on petition for review challenging the Board's decision to move the pleading the agency filed in response to his petition for review to the 3330 File. 3330 PFR File, Tabs 4-5; 300A PFR File, Tab 4. That pleading, in fact, addressed both the VEOA appeal and the employment practices appeal. The Board has considered, in both cases, the appellant's replies to the agency's responses. 3330 PFR File, Tab 5; 300A PFR File, Tab 6. Any errors that may have appeared earlier in the Board's e-Appeal Online Repository have been corrected.

*Commission*, [108 M.S.P.R. 137](), ¶ 2 n.* (2008); *see* [5 U.S.C. § 3309](); [5 C.F.R. § 337.101](a).  Preference-eligible veterans are entitled to five additional points, and disabled veterans, as well as certain relatives of disabled veterans, are entitle to ten additional points, which are added to their passing examination scores.  *Dean*, [108 M.S.P.R. 137](), ¶ 2; *see* [5 U.S.C. § 3309](); [5 C.F.R. § 337.101](b).

¶14        On review, the appellant challenges the administrative judge's finding that the agency properly announced the Housekeeping Aid positions under the merit promotion process and reasserts that the agency thereby violated his rights under VEOA.  3330 PFR File, Tab 1 at 8-12; 3330 ID at 5.  However, the vacancy announcement does not reflect that the agency was filling the WG-1 Housekeeping Aid positions under the competitive examining process.  Although the appellant correctly notes that the "Key Requirements" section of the announcement provides that the applicant must be a U.S. citizen, 3330 IAF, Tab 7 at 31, that provision does not mean that any U.S. citizen may apply.  As noted, consistent with [5 U.S.C. § 3310](), the position was restricted to preference-eligible veterans only.  *Id.* at 30.  Furthermore, nothing in the record shows that the agency assigned numerical scores to applicants and rated and ranked them based on those scores.  3330 IAF, Tab 7 at 19-21, 25-28.  In fact, both certificates of eligibles specifically state:  "Vet points used:  No" and "Priority Order Used: None."  *Id.* at 18, 24.  Consequently, we discern no error in the administrative judge's finding that the agency used the merit promotion process to select the best qualified candidates for the Housekeeping Aid positions.[4]  *Joseph*, 505 F.3d at

---

[4] In reaching this finding, the administrative judge considered declarations submitted under penalty of perjury by a Supervisory HR Specialist of the agency familiar with the hiring process and the selecting official to the effect that the vacancy announcement for Housekeeping Aid was issued under the agency's merit promotion process.  3330 IAF, Tabs 33, 38; 3330 ID at 6.  Although the appellant challenges the administrative judge's decision to afford weight to these declarations on the basis that the declarants provided no testimony, 3330 PFR File, Tab 1 at 11-12, it was the appellant's decision to withdraw his request for a hearing and to proceed on the written record, 3330 IAF, Tab 36.  Under the circumstances, the appellant has provided no valid basis upon which to challenge the administrative judge's consideration of this evidence.  *Borninkhof v.*

1389 (finding that an agency has the discretion to fill a vacant position by any authorized method); *Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 10 (2001) (same).

¶15        As noted, veterans' preference points do not apply to the merit promotion process, which instead gives veterans the "opportunity to compete" for vacancies for which an agency will accept applications from outside its workforce. 5 U.S.C. § 3304(f)(1); *Joseph*, 505 F.3d at 1381-82.  Here, the appellant's name was among those forwarded to the selecting official for consideration.  3330 IAF, Tab 7 at 21, 27.  Thus, we find that the appellant was clearly allowed to compete for the position.  Our finding is unaffected by the fact that the selecting official exercised his discretion not to interview any of the candidates but rather to make his decision based upon a review of their résumés.  In sum, the appellant has failed to show that the administrative judge erred in finding that he did not demonstrate a violation of his rights under VEOA in connection with these selections.[5]

---

*Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case).

[5] We acknowledge, but reject, the appellant's claim that, in an earlier order, the administrative judge found that the selections were not made through merit promotion and that the law of the case doctrine precluded her from reaching a contrary conclusion in the initial decision.  3330 PFR File, Tab 1 at 7.  The law of the case doctrine provides that a decision on an issue of law made at one stage of a proceeding becomes a binding precedent to be followed in successive stages of the same litigation.  *Pawn v. Department of Agriculture*, 90 M.S.P.R. 473, ¶ 15 (2001).  In the order to which the appellant refers, the administrative judge set forth the jurisdictional requirements for a VEOA appeal and, at that early stage of the proceedings, indicated that the agency had not yet shown that the vacancy announcement was issued under the merit promotion process.  3330 IAF, Tab 19.  The appellant has not demonstrated, as he suggests, that, in that order, the administrative judge decided "by necessary implication" that the selections were not made through merit promotion.  The appellant has provided no support for his position that the law of the case doctrine applies to such statements made by the trier of the fact during adjudication and prior to issuance of the decision, and we are not aware of any such support.

¶16      The appellant urges on review that the administrative judge abused her authority by attempting to "lure [[him] into an unnecessary and otherwise unlawful hearing." 3330 PFR File, Tab 1 at 10. The record reflects that the appellant initially requested a hearing, 3330 IAF, Tab 1 at 1, that the administrative judge scheduled it, 3330 IAF, Tab 20, but that, subsequently, the appellant withdrew his request, 3330 IAF, Tab 36. The administrative judge then set a date for the close of the record. 3330 IAF, Tab 37. The appellant has not shown that the administrative judge abused her discretion in controlling the proceedings by scheduling the hearing, and then canceling it at the appellant's request.[6] *See* 5 C.F.R. § 1201.41(a), (b).

The administrative judge correctly dismissed the appellant's employment practices appeal for lack of jurisdiction.

¶17      Pursuant to 5 C.F.R. § 300.104(a), the Board has jurisdiction to hear an employment practices claim if: (1) the appeal concerns an employment practice in which OPM is involved in administering; and (2) the appellant nonfrivolously alleges that the employment practice violated one of the "basic requirements" set forth at 5 C.F.R. § 300.103. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011). Those requirements consist of a job analysis to identify the basic duties and responsibilities, knowledge, skills, and abilities to perform them, and the factors that are important in evaluating candidates; relevance between performance in the position and the employment practice used; and equal employment opportunity with no prohibited forms of discrimination. 5 C.F.R. § 300.103(a)-(c). An agency's misapplication of a valid OPM requirement may constitute an employment practice, but an individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment

---

[6] With his petition, the appellant has submitted four "true and correct excerpts" of documents submitted or issued during the proceeding below. 3330 PFR File, Tab 1 at 13, 15-32; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already a part of the record is not new). Therefore, we have not considered these attachments to the appellant's petition for review.

practice. *Sauser v. Department of Veterans Affairs*, [113 M.S.P.R. 403](#), ¶ 7 (2010).

¶18    As noted, the administrative judge found that the appellant failed to nonfrivolously allege that either the agency's failure to advertise the Housekeeping Aid positions by use of the open competitive process, or the selecting official's decision not to interview candidates, demonstrated a violation of the basic requirements set forth in OPM's regulations. 300A ID at 5-7. The appellant generally challenges these findings on review, 300A PFR File, Tab 1 at 5-6, but he has not established that they were made in error. Rather, the record supports the administrative judge's finding that the appellant's challenges are to what he perceives as irregularities in the selection process. 300A ID at 6; *see Banks v. Department of Agriculture*, [59 M.S.P.R. 157](#), 159-60 (1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table). However, it is well established that agencies have discretion to fill vacancies by any authorized method. *Phillips v. Department of the Navy*, [110 M.S.P.R. 184](#), ¶ 6 (2008).

¶19    On review, the appellant appears to challenge certain of the rulings the administrative judge made, or failed to make, during adjudication of the VEOA appeal, arguing that they demonstrated bias. 300A PFR File, Tab 1 at 8-9. To the extent that such a claim is cognizable in the appellant's petition for review of this employment practices appeal, it is well settled that a party claiming bias must show that the administrative judge engaged in extrajudicial conduct, not conduct arising in the administrative proceeding. *O'Neill v. Office of Personnel Management*, [102 M.S.P.R. 298](#), ¶ 9 (2006); *cf. Caracciolo v. Department of the Treasury*, [105 M.S.P.R. 663](#), ¶ 14 (2007) (finding that an appellant's disagreement with an administrative judge's rulings in an earlier appeal is insufficient to establish bias).

¶20    Finally, the appellant appears to challenge the administrative judge's acknowledgment order of October 2, 2014, and her statement therein regarding the close of the record. 300A PFR File, Tab 1 at 9-10; 300A IAF, Tab 2. The

appellant argues that, based on that order, his December 1, 2014 submission "should be fully and properly considered." 300A PFR File, Tab 1 at 10. In fact, the administrative judge specifically stated in the initial decision that she did consider that submission. 300A ID at 2 n.1. Therefore, to the extent the appellant argues that the administrative judge committed adjudicatory error, he has not established that claim.[7]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

---

[7] With his petition in the employment practices appeal, the appellant has provided what he describes as "true and correct excerpts" of documents submitted or issued during the proceeding below. 300A PFR File, Tab 1 at 11, 19-25. As noted, evidence that is already a part of the record is not new. *Meier*, 3 M.S.P.R. at 256. Therefore, we have not considered these attachments.

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.